UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                         Case No. 3:23-CR-0478 (BKS)

v.

PATRICK DAI,

                   Defendant.
_____

**REPLY BRIEF IN SUPPORT OF MR. DAI'S
APPEAL OF DETENTION ORDER**

DATED:    December 13, 2023               Respectfully submitted,
               Syracuse, New York

                                                              LISA A. PEEBLES
                                                              Federal Public Defender
                                                              4 Clinton Square, 3rd Floor
                                                              Syracuse, New York 13202
                                                              (315) 701-0080

## INTRODUCTION

On December 4, 2023, Mr. Dai filed his appeal of the Magistrate Judge's detention order in this case. The government has now filed its response. For the sake of brevity and specificity, this reply addresses only one of the government's arguments contained in its responsive brief. Mr. Dai relies on his opening brief for the remainder of the points.

## ARGUMENT

The court should apply the series qualifier rule to Section 3142(f)(1)(A) and find that the "10 years or more" language applies to all the items listed in that subsection. The cases on which the government relies hark back to the Supreme Court's decision in *Lockhart v. United States*, 577 U.S. 347 (2016). *See United States v. Pietila*, No. 23-CR-0078, 2023 WL 4313162, at *2 (W.D. Mich. July 3, 2023); *United States v. Santoro*, 359 F. Supp. 3d 122, 124-26 (D. Me. 2019). In *Lockhart*, the Supreme Court analyzed a statutory sentencing enhancement provided in 18 U.S.C. § 2252(b)(2). Under that provision, defendants convicted of 18 U.S.C. § 2252(a)(4) are subject to a 10-year mandatory minimum and an increased maximum sentence if they have "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). The Supreme Court in *Lockhart* determined that "involving a minor ward" modifies only the item that immediately precedes it (i.e., "abusive conduct") because it suspected that Congress used Chapter 109A's headings as "a template for the list of state predicates set out in § 2252(b)(2)." 577 U.S. at 354. In this case, however, Section 3142(f)(1)(A)'s list is not derived from any similar effort to align with existing language in the criminal code, so *Lockhart*'s rationale cannot support the application of the rule of the last antecedent.

Despite what the government and the cases on which it relies suggest, the rule of the last antecedent is not the default rule of statutory construction. In *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), the Supreme Court explained that the series qualifier rule "generally reflects the most natural reading of a sentence," and that the Court "often applies this interpretative rule." 592 U.S. at 403 (citing *Paroline v. United States*, 572 U.S. 434 (2014); *United States v. Bass*, 404 U.S. 336 (1971); *Porto Rico Railway, Light & Power Co. v. Mor*, 253 U.S. 345 (1920)). "Under conventional rules of grammar, when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series." *Duguid*, 592 U.S. at 402 (cleaned up) (citing A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 147 *403 (2012) (Scalia & Garner)). Even as *Lockhart* makes clear, the series qualifier rule is applied in instances where "context weighs against the application of the rule of the last antecedent." 577 U.S. at 355; *see also Duguid*, 592 U.S. at 404 ("The rule of the last antecedent is context dependent."); *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (noting that the last antecedent rule "is not an absolute and can assuredly be overcome by other indicia of meaning").

In determining which interpretative canon to apply, courts consider "[w]hether a modifier is applicable as much to the first as to the last words in a list, whether a set of items form a single, integrated list, and whether the application of the rule would require acceptance of an unlikely premise[.]" *Lockhart*, 577 U.S. at 355-56 (cleaned up). Consideration of those factors in the context of Section 3142(f)(1)(A)'s "10 years or more" language mandates the application of the series qualifier rule.

The limiting phrase "for which a maximum term of imprisonment of 10 years or more" in Section 3142(f)(1)(A) applies to all three types of offenses listed in Section 3142(f)(1)(A).

While it is true that crimes under 18 U.S.C. § 1591 do not carry maximum terms of imprisonment of less than 10 or 15 years, *see* 18 U.S.C. § 1591(b), that fact does not render the "10 years or more" language in Section 3142(f)(1)(A) meaningless or any less applicable. If anything, the mandatory minimums set forth in Section 1591 render the "10 years or more" language in Section 3142(f)(1)(A) superfluous, but, as *Lockhart* reminds, the canon against superfluity "does not require [courts] to avoid surplusage at all costs. It is appropriate to tolerate a degree of surplusage." 577 U.S. at 357 (internal quotation marks omitted). Moreover, Congress could enact new provisions within Section 1591 that are punishable by a maximum term of imprisonment of less than 10 years. Applying the "10 years or more" language to all three items listed in Section 3142(f)(1)(A) ensures that the crimes originally envisioned by Congress in Section 1591 remain eligible for a detention hearing.

Looking at the content and structure of Section 3142(f)(1), Section 3142(f)(1)(A) clearly consists of a single, integrated list of dangerous federal crimes. *See Duguid*, 592 U.S. at 404 (declining application of the rule of the last antecedent "where, like here, the modifying clause appears after an integrated list"). The other subsections in Section 3142(f)(1) include other, unrelated discrete offenses or combination of offenses, like drug offenses or offenses involving minors. Subsection (A) specifically addresses dangerous crimes.

Finally, to apply the last antecedent rule in the context of Section 3142(f)(1)(A) "would require acceptance of an unlikely premise" insofar as it would render Section 3142(f)(1)(A) ambiguous. That is, if the "10 years or more" language applies only to crimes listed in Section 2332b(g)(5)(B), it is unclear whether a court must hold a detention hearing under Section 3142(f)(1)(A) when the crime charged is one or more of those crimes in Section 2332b(g)(5) that carries a maximum term of imprisonment of less than 10 years and is also a crime of violence. In

its opening brief, the defendant listed at least three crimes that satisfy these criteria. *See* Dkt. No. 2 at 7 (citing 18 U.S.C. § 32(c), 18 U.S.C. § 1363, 18 U.S.C. § 2280(a)(2)).

To illustrate the point, take the following example. A defendant is charged with violating 18 U.S.C. § 1363. That provision states, in relevant part, "Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures any structure, conveyance, or other real or personal property, or attempts or conspires to do such an act, shall be fined under this title or imprisoned not more than five years, or both[.]" 18 U.S.C. § 1363. Section 1363 is a crime of violence. *See United States v. Abu Khatallah*, 316 F. Supp. 3d 207, 213-15 (D. D.C. 2018) (finding that Section 1363 is a "crime of violence" as that term is defined in 18 U.S.C. § 924(c), where the elements clause of Section 924(c)(3)(A) matches that found in 18 U.S.C. § 3156(a)(4)). The maximum term of imprisonment for violating the above-quoted portion of Section 1363 is five years. 18 U.S.C. § 1363.

If, as the government argues, the "10 years or more" language in Section 3142(f)(1)(A) applies only to crimes listed in Section 2332b(g)(5)(B), the inevitable implication is that Section 3142(f)(1)(A) does not permit a detention hearing when a person is charged with violating Section 1363. But in that scenario, is a detention hearing permitted under the "crime of violence" language? While the government says "yes," there is no basis to treat the "crime of violence" language in Section 3142(f)(1)(A) as superseding the "Section 2332b(g)(5)(B)" language.

Applying the series qualifier rule to Section 3142(f)(1)(A) avoids rendering that provision ambiguous, and the court should find that the "10 years or more" language applies to all three items listed in that provision. After all, as Justice Kagan said in *Lockhart*, the series

5

qualifier rule complies with the "ordinary understanding of how English works, in speech and writing alike." 577 U.S. at 362 (Kagan, J., dissenting).[1]

## CONCLUSION

Mr. Dai requests the court reverse the Magistrate Judge's order and release him from custody pending trial.

DATED:	December 13, 2023	Respectfully submitted,

                                                         LISA A. PEEBLES
                                                        Federal Public Defender
                                                        4 Clinton Square, 3rd Floor
                                                        Syracuse, New York 13202
                                                        (315) 701-0080

TO:    Mr. Geoffrey Brown, AUSA (via CM/ECF)
           Mr. Stephen Green, AUSA (via CM/ECF)
           Mr. Patrick Dai (via USPS)

---

[1] Nevertheless, as argued in our opening brief, given the competing arguments about whether the "10 years or more" language applies to the whole series of items listed in Section 3141(f)(1)(A) or just the immediately preceding antecedent, there can be no doubt that Section 3142(f)(1)(A) is ambiguous. The government contends that, notwithstanding that ambiguity, the rule of lenity cannot apply in this case because the rule applies only where "criminal provision[s] set[] limits on a person's conduct." Dkt. No. 3 at 7. Even if that is true (and Mr. Dai does not concede the point), the rule is founded on "the tenderness of the law for the rights of individuals." *United States v. Wiltberger*, 18 U.S. 76, 95 (1820); *accord, United States v. Davis*, 139 S. Ct. 2319, 2333 (2019). Because an individual's "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," *United States v. Salerno*, 481 U.S. 739, 755 (1987), application of the rule of lenity in this case conforms to the spirit of the rule as described by the Supreme Court.